Robert J. Main, Jr., Esq. Village Attorney, Malone
Your two village justices currently serve simultaneous four-year terms. You have asked whether there is a procedure whereby you may stagger the terms so that a justice is elected at each biennial village election.
The Constitution provides:
 "The number of the judges of each of such town, village and city courts and the classification and duties of the judges shall be prescribed by the legislature. The terms, method of selection and method of filling vacancies for the judges of such courts shall be prescribed by the legislature, provided, however, that the justices of town courts shall be chosen by the electors of the town for terms of four years from and including the first day of January next after their election." (Art VI, § 17[d].)
Under this mandate, the Legislature has provided a four-year term for village justice (Village Law, § 3-302[3]). However, the Legislature has also provided that upon establishing the second office of village justice (id., § 3-301), a village may provide an initial term for the office of one, two, or three years in order to stagger the terms of the village's two justices (id., § 3-302[3]). Following this initial abbreviated term, the office is to have a four-year term (ibid.). Thus, through this procedure a village may provide for its justices to be elected every two years at the biennial village election.
Upon establishing the second office of village justice, your village did not utilize the above procedure to stagger the terms, resulting in simultaneous four-year terms for your justices.
You have suggested two ways in which the terms of your two offices may be staggered. One office is currently vacant and its term will expire in March of 1986. You have proposed either that the office be immediately abolished and then re-established with a justice elected in March for a four-year term commencing on April 1, 1984, or that the vacancy be filled by election in March for a four-year term beginning April 1, 1984. These proposals would, in our opinion, be unauthorized. The Constitution mandates that the Legislature set the term of village justices (Art VI, § 17[d]). Thus, a village may not utilize its home-rule powers to modify the term set by the Legislature. The Legislature has set a term of four years and has established a procedure for filling vacancies in elective village offices for the balance of the unexpired terms (Village Law, §§ 3-302[3], 3-312). Your proposals in one instance would abbreviate this term and in the other would lengthen it. Under the Village Law, the office of village justice may be abolished only upon the expiration of the officeholder's term of office and vacancies are to be filled for the unexpired balance of the terms (id., §§ 3-302[2][a], 3-312[3], [4]). Further, vacancies in elective offices must be filled in accordance with the laws of the State (id., § 3-312[3] and [4]).
We offer the following procedure whereby the terms may be staggered. Section 3-301[2][a] of the Village Law authorizes the board of trustees, by resolution or local law, subject to permissive referendum, to abolish the office of village justice effective upon the expiration of the current term. We believe that your village may utilize this authorization to abolish one office of village justice effective upon the expiration of the current four-year term. Thereafter, by resolution or local law subject to permissive referendum, it could re-establish the second office of village justice (id., § 3-301[2][a]) and provide an initial one, two, or three-year term in order to stagger the terms of the two offices in accordance with section 3-302(3) of the Village Law.
We note that a special act of the State Legislature could authorize the immediate abolition of the vacant office, thus obviating the need to await the expiration of the term of office to re-establish the second office and stagger the term of the two offices. The Constitution provides for the Legislature to establish the terms and method of selecting village justices (Art VI, § 17[d]).
We conclude that a village may not abbreviate or lengthen the term of a village justice. However, in establishing the second office of village justice, a village may establish an initial abbreviated term in order to stagger the terms of the two offices.